**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-09-27 |
| | § | |
| **HENRY MUELLER, MILDRED** | § | |
| **MUELLER, SHERWOOD MUELLER,** | § | |
| **WAYNE MUELLER, AND** | § | |
| **MARIAN J. OELTJEN** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Respondents' Motion to Dismiss Claim (Dkt. No. 19), wherein Defendants advance various arguments contesting their tax assessments and the propriety of this suit. Having considered the motion, response, record, and relevant law, the Court finds that the motion should be **DENIED**.

### Factual & Procedural Background

Henry and Mildred Mueller ("Defendants") are tax protesters. Their children—Sherwood Mueller, Wayne Mueller, and Marian J. Oeltjen—were originally joined in this suit because they were the transferees of real property owned by the Defendants. The Court entered an Order dismissing the children from this lawsuit without prejudice on August 19, 2009 after the children transferred the properties connected with this lawsuit back to their parents, the Defendants. (Dkt. Nos. 25 & 26).

The United States filed this action to recover the unpaid balance of certain federal income

1

taxes from tax years 1993 and 1995-2002 and to foreclose its federal tax liens against Defendants' interests in certain real properties and a royalty interest. (Dkt. No. 1 at 1). The United States alleges that Mildred Mueller owes the government $79,338.37 in unpaid taxes and Henry Mueller owes $102,404.04. The Complaint alleges that the Defendants fraudulently transferred property under Tex. Bus. & Com. Code §§ 24.005 & 24.006; seeks judgment for unpaid taxes[1]; requests enforcement of the United States' federal tax liens through foreclosures, pursuant to 26 U.S.C. § 6321; and asks the Court for a ten percent surcharge for the costs of collection, pursuant to 28 U.S.C. § 3011.

## Analysis

Defendants' motion to dismiss asserts four arguments: 1) the Complaint fails to state a claim whereby relief can be granted; 2) the United States has no standing and is not a real party in interest; 3) taxes assessed under Title 26 of the United States Code are unconstitutional; and 4) this Court does not have subject matter jurisdiction to decide this case.

The Court finds that the Defendants have "advanced shopworn arguments characteristic of tax-protester rhetoric that ha[ve] been universally rejected by this and other courts." *United States v. Goltz*, No. SA-06-CA-503-XR, 2006 WL 2827261, at *2 (W.D. Tex. Sept. 28, 2006) (quoting *Stearman v. Comm'r*, 436 F.3d 533, 537 (5th Cir. 2006)). The Court "will not

---

[1]Count II, titled "Judgment for Unpaid Tax Assessments," does not identify the statute that forms the substantive basis for this cause of action. (Dkt. No. 1 at 12). However, it is axiomatic that district courts have jurisdiction to enter judgment for unpaid tax assessments. *See United States v. Marsh*, 114 F. Supp. 2d 1036, 1037 (D. Haw. 2000) (discussing court order that "reduc[ed] to judgment unpaid federal . . . taxes"); *United States v. Langkand*, No. 07-835, 2008 WL 3911286, at *2 (D. Minn. Aug. 25, 2008) (reducing to judgment unpaid tax assessments); 26 U.S.C. § 7402(a) (District courts "shall have jurisdiction to . . . render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.").

painstakingly address each of Defendants' assertions 'with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.'" *Id.* (quoting *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984)). However, the Court will "briefly indulge the Defendants" and explain why their arguments are groundless. *Id.*

## I. Failure to State a Claim

Defendants first argue that the United States "failed to state a claim whereby relief can be granted." (Dkt. No. 19 at 1).

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir.1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737-38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 563 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) "no set of facts" standard as "an incomplete, negative gloss on an accepted pleading standard"). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 569, 555; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

The United States' Complaint alleges sufficient allegations to establish claims against Defendants for unpaid income taxes, the federal tax liens relating to those unpaid taxes, Defendants' interests in properties upon which the United States seeks to foreclose its tax liens, and Defendants' transfers of such properties. (Dkt. No. 1). Moreover, Defendants incorrectly suggest that the United States is required to present evidence to survive a Rule 12(b)(6) motion. (Dkt. 19 at 2). At the pleading stage, evidence is not required to support a claim. Instead, a court only tests the sufficiency of the allegations in the complaint. *See Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986).

Because the United States pled sufficient allegations in its Complaint to state a claim for relief on all counts, Defendants' motion to dismiss for failure to state a claim is denied.

## II. Standing and Real Party in Interest

Defendants next argue that the United States "has no standing in this claim pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, as there is no real party in interest." (Dkt. No. 19 at 2).

The standing of a party is a threshold question apart from the merits of the claim to determine if the "litigant is entitled to have the court decide the merits of the dispute." *Warth v. Seldin*, 422 U.S. 490, 498, 518 (1975) ("The rules of standing . . . are threshold determinants of

the propriety of judicial intervention."). To demonstrate standing, plaintiffs must show that an Article III case or controversy exists by demonstrating that (1) they suffered an injury in fact; (2) the injury is fairly traceable to the defendant's actions; and (3) a favorable court ruling is likely to redress the plaintiffs' injury. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). The allegations in the Complaint establish that the United States has standing in this lawsuit, as it alleges that the Defendants failed to pay their income taxes and the relief the United States seeks will redress this injury.

Federal Rules of Civil Procedures Rule 17 provides that an action "must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (quoting *Farrell Constr. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 140 (5th Cir. 1990)). "The purpose of this provision 'is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right.'" *Id.* (quoting *Farrell*, 896 F.2d at 142). The United States is the proper party and real party in interest in actions involving federal taxes. *Kish v. Rogers*, No. H-06-2389, 2008 WL 2463819, at *5 (S.D. Tex. June 16, 2008) ("In cases involving the IRS, the real party in interest is the United States of America" (citations omitted)).

Because the United States has standing and is the real party in interest, Defendants' motion to dismiss on these grounds is denied.

### III. Constitutionality of Taxes Assessed Under Title 26

Defendants next argue that "26 USC is a direct tax which is unlawful under the United States Constitution." (Dkt. No. 19 at 3). "The constitutionality of our income tax system—including the role played within that system by the Internal Revenue Service and the Tax Court—has long been established." *Crain v. Comm'r*, 737 F.2d 1417, 1417-18 (5th Cir. 1984).

Accordingly, Defendants' arguments on this basis are without merit and their motion is denied.

### IV. Subject Matter Jurisdiction

Last, Defendants request dismissal "due to subject matter jurisdiction." (Dkt. No. 19 at 3). Dismissal of a case for lack of subject matter jurisdiction is proper "when the court lacks the statutory or constitutional power to adjudicate the case." *Young v. Vannerson*, 612 F. Supp. 2d 829, 836 (S.D. Tex. 2009). District courts clearly have subject matter jurisdiction in lawsuits—like the present one—the United States brings to collect unpaid taxes and foreclose its tax liens. 28 U.S.C. § 1345 ("Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.").

Because this Court has subject matter jurisdiction over this lawsuit, Defendants' motion to dismiss on this ground is denied.

**Conclusion**

Based on the foregoing, the Court finds that Respondents' Motion to Dismiss Claim (Dkt. No. 19) should be **DENIED**.

It is so ORDERED.

Signed this 23rd day of September, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE